# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:16 cr 73

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DAVID B. WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#11) and an Addendum to Violation Report (#23) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Mary Ellen Coleman, and the Government was present through AUSA Daniel Bradley. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report and the Addendum to Violation Report.

The Defendant was charged in a bill of indictment filed on June 7, 2016 with

1

submitting false claims against the United States, in violation of 18 U.S.C. § 287. A hearing was held in regard to the detention of the Defendant on June 27, 2016 and on that date the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

    (1)    Defendant must not violate any federal, state or local law while on release.

    (8)(i)  Defendant shall travel only in the Western District of North Carolina or travel as approved by the Office of Probation and Pretrial Services.

    (8)(p) Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

On July 22, 2016, Defendant admitted to his probation officer he had used marijuana after his release on terms and conditions of pretrial release on June 27, 2016. He further admitted he had been misusing his prescription for oxycodone. On August 24, 2016, Defendant was arrested in Landrum, SC and charged with simple possession of marijuana, possession of drug paraphernalia and distribution of methamphetamine. Defendant was convicted in Landrum, SC on September 8, 2016 of simple possession of marijuana and possession of drug paraphernalia and later

convicted on December 15, 2016 with possession of less than 1 gram of methamphetamine.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>     (1)     finds that there is----
>             (A) probable cause to believe that the person has committed a
>     Federal, State, or local crime while on release; or
>             (B) clear and convincing evidence that the person has violated any
>      other condition of release; and
>     (2)     finds that ---
>             (A) based on the factors set forth in section 3142(g) of this title, there
>     is no condition or combination of conditions of release that will assure that
>     the person will not flee or pose a danger to the safety of any other person or
>     the community; or
>             (B) the person is unlikely to abide by any condition or combination
>     of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed at least a state crime while on release. The Defendant was convicted of simple possession of marijuana and possession of drug paraphernalia and later, possession of less than 1 gram of methamphetamine. The undersigned cannot determine whether or not any of these offenses is a felony in the

state of South Carolina and therefore the rebuttable presumption does not arise.

There has been shown by clear and convincing evidence that Defendant used or had possession of a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802 and he admitted he had used marijuana after his release on June 27, 2016 and he has now been convicted of possession of marijuana, possession of drug paraphernalia and possession of less than 1 gram of methamphetamine. It has further been shown by clear and convincing evidence that Defendant violated the term and condition of pretrial release that required he travel only within the Western District of North Carolina. Defendant traveled to Landrum, SC where he was charged and later convicted of the above referenced criminal offenses.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the community. It further appears that the continued release of Defendant will create a risk of flight on his part. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and

entering an order detaining Defendant.

# ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release (#6) entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: January 12, 2017

Dennis L. Howell
United States Magistrate Judge